IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FERRING PHARMACEUTICALS INC., FERRING B.V., and FERRING INTERNATIONAL CENTER S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>SERENITY PHARMACEUTICALS, LLC, REPRISE BIOPHARMACEUTICS, LLC, and ALLERGAN, INC.,<br><br>Defendants. | C.A. No. 1:17-cv-00479-GMS |

**FERRING'S ANSWERING BRIEF IN OPPOSITION TO
DEFENDANT ALLERGAN'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO TRANSFER**

On April 28, 2017, Plaintiffs Ferring Pharmaceuticals Inc., Ferring B.V., and Ferring International Center S.A. (collectively, "Ferring") filed its complaint for declaratory judgment against Defendants Serenity Pharmaceuticals, LLC ("Serenity"), Reprise Biopharmaceutics, LLC ("Reprise"), and Allergan, Inc. ("Allergan") (collectively, "Defendants") alleging invalidity, unenforceability, and non-infringement of United States Patent Nos. 7,405,203; 7,579,321; and 7,799,761 (collectively, the "patents in suit") ("the Complaint"). (D.I. 1.) On June 9, 2017, Serenity and Reprise moved to dismiss: (1) the Complaint in its entirety for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); (2) the Complaint with respect to Reprise for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); and (3) Count V of the Complaint for failure to state a claim with respect to the inequitable conduct claims under Fed. R. Civ. P. 12(b)(6). (D.I. 11 at 1.) In the alternative, Serenity and Reprise moved to transfer venue to the

Southern District of New York ("SDNY") pursuant to 28 U.S.C. § 1404. (*Id.*) That same day, Allergan moved to dismiss the claims against it or, in the alterative, to transfer to SDNY for the reasons set forth in the opening brief of Serenity and Reprise, which Allergan incorporated by reference in support of its motion, and also moved to dismiss because allegedly "all right, title, and interest in the patents in suit reverted to Serenity and/or Reprise." (D.I. 14 at 1.)

Ferring has filed, concurrently herewith, an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) ("the Amended Complaint"). (D.I. 18.) For the reasons discussed in Ferring's Answering Brief in Opposition to Defendants Serenity and Reprise Motion to Dismiss or, in the Alternative, to Transfer ("Ferring's Opposition to Reprise/Serenity's Motion"), also filed concurrently herewith, Allergan's motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction over Reprise, and failure to state a claim with respect to Ferring's inequitable conduct allegations are moot. In addition, Allergan's alternative motion to transfer should be denied for the reasons set forth in Ferring's Opposition to Reprise/Serenity's Motion.

Allergan additionally claims it should be dismissed from this action because "the 'Agreement' with Allergan pleaded in paragraphs 22 and 23 of plaintiffs' Complaint has been terminated," and "*[a]s Plaintiffs alleged*, 'upon termination of the Agreement, all right title, and interest in the Patents in Suit will revert to Serenity and/or Reprise.'" (D.I. 14 at 1 (emphasis added).) Allergan provides no support that all right, title, and interest in the patents in suit have been transferred and instead relies on Ferring's allegation, which was based solely "on information and belief." Defendants also claim, without support, that Reprise is the owner of the patents in suit. (D.I. 11 at 1; D.I. 12 at 2 n.2, 7, 7 n.3, 20.)

At the time the Complaint was filed, the publicly available information from the assignment database at the PTO—the only public record of ownership available to Ferring—

reflected that Allergan was the owner of the patents in suit. (D.I. 18 at ¶¶ 19, 22; Severance Dec.[1] at ¶¶ 3-4, Exs. A-B.) As of this filing, the PTO assignment database currently shows, for each of the patents in suit, that, on June 19, 2017, a patent assignment document was recorded noting a conveyance of an assignment from Allergan to Serenity. (Severance Dec. at ¶¶ 3, 5, Exs. A, C.) The patent assignment cover sheet indicates that the patents in suit were part of the assignment from Allergan to Serenity. (*Id.* at ¶ 5, Ex. C.) However, the "Patent Assignment" attached to the cover sheet—which was signed by Allergan on May 23, 2017, and by Serenity on June 8, 2017 (all before the filing of Defendants' motions on June 9, 2017)—does not include the patents in suit in "Exhibit A," which is a chart of the patent applications and patents transferred in the Patent Assignment. (*Id.* ¶ 5, Ex. C.) Therefore, the last publicly recorded assignment of the patents in suit is the March 18, 2010 assignment from Reprise to Allergan. (*Id.* at ¶ 4, Ex. B.)

The evidence of patent ownership is solely within the possession of Defendants, and it can affect who are the proper defendants in this action (for instance Ferring cannot agree to dismiss Allergan based on its counsel's baseless assertion that the rights in the patents in suit reverted to Serenity and/or Reprise, as such assertion is contrary to the information publicly available from the PTO assignment database). Accordingly, Ferring respectfully requests limited jurisdictional discovery from Defendants directed to ownership of the patents in suit, including all assignments and licenses (exclusive and non-exclusive) to determine the proper defendants. Accordingly, Ferring opposes Allergan's motion to dismiss the claims against it at this time.

---

[1] The "Severance Dec." refers to the "Declaration of Dana K. Severance in Support of Ferring's Oppositions to Defendants' Motion to Dismiss or, in the Alternative, to Transfer," filed concurrently herewith.


Dated: June 30, 2017

Of Counsel:

Keats A. Quinalty
John W. Cox
Joshua A. Davis
Womble Carlyle Sandridge & Rice, LLP
271 17th Street NW, Suite 2400
Atlanta, GA 30363
Telephone: (404)-872-7000
KQuinalty@wcsr.com
JWCox@wcsr.com
JoDavis@wcsr.com

Respectfully submitted,

*/s/ Mary W. Bourke*
Mary W. Bourke (#2356)
Dana K. Severance (#4869)
Daniel Attaway (#5130)
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4383
MBourke@wcsr.com
DSeverance@wcsr.com
DAttaway@wcsr.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June, 2017, I electronically filed a true and correct copy of the foregoing **FERRING'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT ALLERGAN'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER** via CM/ECF and electronically mailed a copy to the below individuals:

| | |
|---|---|
| Jack B. Blumenfeld<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1202 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com | Christopher J. Harnett<br>James Sottile IV<br>Shehla Wynne<br>JONES DAY<br>250 Vesey Street<br>New York, NY 10281<br>charnett@jonesday.com<br>jsottile@jonesday.com<br>swynne@jonesday.com |

Dated: June 30, 2017

*/s/ Mary W. Bourke*
Mary W. Bourke (#2356)
mbourke@wcsr.com