**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FERRING PHARMACEUTICALS INC., FERRING B.V., and FERRING INTERNATIONAL CENTER S.A., <br><br> Plaintiffs, <br><br> v. <br><br> SERENITY PHARMACEUTICALS, LLC, and REPRISE BIOPHARMACEUTICS, LLC, <br><br> Defendants. | C.A. No. 1:17-cv-09922 (RWS) <br><br> ECF Case |
| SERENITY PHARMACEUTICALS, LLC, REPRISE BIOPHARMACEUTICS, LLC, and AVADEL SPECIALTY PHARMACEUTICALS, LLC, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> FERRING B.V., FERRING INTERNATIONAL CENTER S.A., and FERRING PHARMACEUTICALS INC., <br><br> Counterclaim-Defendants. | C.A. No. 1:17-cv-09922 (RWS) <br><br> ECF Case |

**FERRING'S OPPOSITION TO COUNTERCLAIMANTS'**
**MOTION TO DISMISS THE UNASSERTED '761 PATENT**

**I.     PRELIMINARY STATEMENT**

Plaintiffs Ferring Pharmaceuticals Inc., Ferring B.V., and Ferring International Center S.A. (collectively, "Ferring") hereby respond to Serenity Pharmaceuticals, LLC, Reprise Biopharmaceuticals, LLC, and Avadel Specialty Pharmaceuticals, LLC's (collectively, "Counterclaimants'") Motion to Dismiss the Unasserted '761 Patent (D.I. 260) and Memorandum of Law in Support of Counterclaimants' Motion (D.I. 261) (collectively, Counterclaimants' "Motion"). The thrust of Counterclaimants' argument is that declaratory judgment jurisdiction does not exist because Counterclaimants "have not, and have never, alleged that Ferring's NOCDURNA product infringes the '761 patent. *And, Counterclaimants will not do so*." (D.I. 261 at 1 (emphasis in original).) But actions speak louder than words, and here, despite claiming that they will never allege that Ferring's NOCDURNA product will infringe the '761 patent, *they have failed to provide a legally binding offer not to sue*. As such, there remains a justiciable controversy between the parties regarding the '761 patent, and Counterclaimants' Motion should be denied.

**II.    ARGUMENT**

Although Counterclaimants give lip service to the declaratory judgment standard—that "the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)—their brief ignores the facts that show that jurisdiction is proper. Instead, Counterclaimants' argument is premised on a single fact—their representation that they have not brought, and do not intend to bring, suit on the '761 patent. (D.I. 261 at 2, 3.) This is insufficient to defeat declaratory judgment jurisdiction.

### A. Counterclaimants' "promise not to sue" is insufficient to defeat declaratory judgment jurisdiction

Counterclaimants would have this Court find that there is no declaratory judgment jurisdiction based only on their narrow representations that they do not intend to bring suit on the currently approved product. But Counterclaimants cannot divest this Court of subject matter jurisdiction over the '761 patent by providing Ferring no more than their word that they will not assert the '761 patent in this litigation. The Federal Circuit has held that even a "direct and unequivocal statement" that a patentee has "absolutely no plan whatsoever to sue" can be insufficient to defeat declaratory judgment jurisdiction if the patentee's course of conduct contradicts the statement. *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1382-83 (Fed. Cir. 2007).

Here, as in *SanDisk*, Counterclaimants' actions contradict their allegedly unequivocal statement. Counterclaimants' Motion ignores the fact that on multiple occasions, both orally and in writing, Ferring has requested that Counterclaimants provide some legally binding offer of their representations. (*See, e.g.*, D.I. 262-4 at 1 ("As discussed during the meet and confer, Plaintiffs are willing to consider any legally binding offer regarding the '761 patent and will negotiate in good faith to attempt to reach resolution on this issue."); *see also* D.I. 262-5 at 1 (same and further noting that during the prior meet and confer, Ferring "repeatedly stated that if Counterclaimants would make an actual offer to resolve the dispute [Ferring] would consider it").) Rather than do so, Counterclaimants filed this Motion.

Counterclaimants' failure to even provide the semblance of a legally binding offer regarding the '761 patent shows that, for all their protests, Counterclaimants want to have their cake and eat it too. Specifically, Counterclaimants seek to dismiss the '761 patent from the case without conceding, in a legally binding way, that NOCDURNA (and not just NOCDURNA as

2

currently approved) does not infringe. In their prior correspondence, and even in this Motion, Counterclaimants have made clear that "never" is only "never" for the currently approved product. (D.I. 261 at 2 ("Counterclaimants have not accused and do not accuse NOCDURNA, *in its approved form*, of infringing the '761 patent.") (emphasis added); *see also* Ex.[1] 1 [Aug 27 letter] at 1 ("Defendants/Counterclaimants have not charged Ferring with infringement of the '761 patent in connection with Ferring's NOCDURNA product. Defendants/Counterclaimants will not do so with respect to NOCDURNA *in its currently approved form*.") (emphasis added).) However, it is not clear what the scope of Counterclaimants' "currently approved form" encompasses, and if changes that are not material to the infringement inquiry would nevertheless subject Ferring to an additional lawsuit.

Further, given Counterclaimants' failure to even provide an offer, and their representations that they will not assert infringement based on the ***currently approved*** NOCDURNA product, there is still a case or controversy regarding the '761 patent. *See Intermec Techs. Corp. v. Palm, Inc.*, 738 F.Supp. 2d 522, 559 (D. Del. 2010), *aff'd* 466 F. App'x 881 (Fed. Cir. 2012); *see also Integrated Liner Techs., Inc. v. Specialty Silicone Prod., Inc.*, No. 1:09-cv-1285 (DEP, 2012 WL 5389778, at *13-14 (N.D.N.Y. Nov. 2, 2012).[2] Indeed, even if there was an offer, it may not obviate the dispute. *See AstraZeneca LP v. Breath Ltd.*, C.A. No. 08-cv-1512

---

[1] Ex. _ refers to Exhibits attached to the Declaration of Daniel M. Attaway, Esq. in Support of Ferring's Opposition to Counterclaimants' Motion to Dismiss the Unasserted '761 Patent.

[2] Counterclaimants have previously argued that these cases are inapposite because both "relate to the court's subject matter jurisdiction over invalidity counterclaims filed in response to a patent infringement case" which is not the case here. (Ex. 2 [Aug 31 letter] at 2.) Incorrect. In both instances, the patentee affirmatively removed the claims at issue from suit but provided no concrete assurance that it would not raise the claims again. And in both instances, the courts found that declaratory judgment jurisdiction existed over the unasserted claims. Counterclaimants' argument would essentially create a different standard for declaratory judgment claims as compared to declaratory judgment counterclaims—a position that is legally untenable.

(RMB/AMD), 2013 WL 2404167, at *3-*4 (D.N.J. May 31, 2013) (holding that a covenant not to sue limited to the current ANDA as of a specific date was insufficient to divest the court of declaratory judgment jurisdiction).

### B. Counterclaimants' other arguments are unavailing

Counterclaimants' Motion is full of sound and fury, but dismisses or simply ignores the facts. First, Counterclaimants argue that because any claim of infringement of the '761 patent would be a compulsory counterclaim (a fact which Ferring does not dispute), "Counterclaimants would be prevented from [raising infringement of the '761 patent] *after completion of the litigation under the principle of collateral estoppel*." (D.I. 261 at 2 (emphasis added).) But the future prospect of collateral estoppel is not an appropriate factor to be considered under *Medimmune's* totality of the circumstances test, and Counterclaimants have cited no case law stating otherwise. *See Tyco Fire Prod. LP v. Victaulic Co.*, No. CIV.A. 10-4645, 2012 WL 39956, at *5 (E.D. Pa. Jan. 6, 2012) (finding that "nothing would preclude Plaintiff from reasserting the now-unasserted patent claims" and that Plaintiff's argument that it "would be precluded from doing so by the doctrine of claim preclusion" was too speculative).

Second, Counterclaimants mischaracterize their own statements in arguing that they have not alleged that NOCDURNA infringes, or will infringe, the '761 patent. (D.I. 261 at 3.) For example, Counterclaimants quote a statement they made in response to Ferring's discovery request (that Counterclaimants "have not asserted infringement of U.S. Patent No. 7,799,761 by NOCDURNA (D.I. 261 at 3 *citing* D.I. 262-5)), but omit the rest of the statement—that *"Plaintiffs bear the burden of proving their claims of noninfringement of the patents in suit*." (D.I. 262-5 at 1.) Noting that it is Ferring's burden to prove noninfringement is as far away from

4

stating that Counterclaimants have not asserted and will not assert the '761 patent as one could get.

### III. CONCLUSION

For the reasons above, Ferring respectfully submits that the totality of the circumstances show that a substantial controversy exists between the parties regarding the '761 patent at least because Counterclaimants' actions, including not providing a legally binding offer to resolve the dispute over the '761 patent, evidence that there is a continuing controversy. As such, Ferring respectfully requests that the Court deny Counterclaimants' Motion to Dismiss the Unasserted '761 Patent (D.I. 261).

| | |
|---|---|
| Dated: October 30, 2018 | GIBBONS P.C. |
| Of Counsel: | _s/William P. Deni, Jr._<br>William P. Deni, Jr.<br>One Gateway Center |
| Mary W. Bourke<br>Kristen Healey Cramer<br>Dana K. Severance<br>Daniel M. Attaway<br>WOMBLE BOND DICKINSON (US), LLP<br>222 Delaware Avenue, Suite 1501<br>Wilmington, DE 19801<br>Telephone: (302) 252-4320<br>Mary.Bourke@wbd-us.com<br>Kristen.Cramer@wbd-us.com<br>Dana.Severance@wbd-us.com<br>Daniel.Attaway@wbd-us.com | Newark, NJ 07102-5310<br>Telephone: (973) 596-4853<br>wdeni@gibbonslaw.com |

John W. Cox
WOMBLE BOND DICKINSON (US), LLP
271 17th Street NW, Suite 2400
Atlanta, GA 30363
Telephone: (404)-872-7000
John.Cox@wbd-us.com

James D. Weinberger
Jessica Vosgerchian
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square, 17th Floor
New York, New York 10036
Telephone: (212) 813-5900
jweinberger@fzlz.com
jvosgerchian@fzlz.com

*Attorneys for Plaintiffs/Counterclaim-Defendants*