UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ferring Pharmaceuticals Inc. et al.,

                              Plaintiffs,

-against-

Serenity Pharmaceuticals, LLC et al.,

                              Defendants.

1:17-cv-09922 (CM) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

      Defendants/Counterclaim-Plaintiffs Serenity Pharmaceuticals, LLC ("Serenity"), Reprise Biopharmaceutics, LLC ("Reprise") and Avadel Specialty Pharmaceuticals, LLC ("Avadel") (collectively, "Counterclaimants") move to preclude Plaintiffs Ferring Pharmaceuticals Inc., Ferring B.V. and Ferring International Center S.A. (collectively, "Ferring") from presenting argument or evidence directed to certain claim construction positions, and move for sanctions against Ferring due to alleged deposition misconduct. (Not. of Mot., ECF No. 343.) For the following reasons, the Court DENIES Counterclaimants' motion but awards the relief set forth herein.[1]

---

[1] I have the authority to decide this motion via Opinion and Order rather than issuing a Report and Recommendation to Chief Judge McMahon. Pretrial matters "not dispositive of a party's claim or defense" may be referred to a Magistrate Judge for hearing and decision, subject to review by the District Judge on a "clearly erroneous" or "contrary to law" standard if a party files timely objections. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Motions like the one before the Court seeking preclusion sanctions "are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), unless the sanction employed disposes of a claim." *See Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15-CV-01095 (PKC) (BCM), 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016) (internal quotation and citation omitted). "The critical issue . . . is what sanction the magistrate judge actually imposes," not what sanction the moving party seeks. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3068.2, at 383 (3d ed. 2014). Thus, "[i]f a moving party requests a dispositive sanction, but the magistrate judge declines to impose it, the judge's decision is governed by Rule 72(a)," and may be modified or set aside only if "clearly erroneous or contrary to law." *Steele v. Costco Wholesale Corp.*, No. 03-CV-0713 (NG)

**BACKGROUND**

This is an action for declaratory judgment by Ferring against two entities formed by Dr. Seymour Fein — Serenity and Reprise — seeking a declaration that certain of Dr. Fein's patents are invalid and unenforceable, and that they are not infringed by Ferring's product NOCDURNA, which is a product for the treatment of nocturia.[2] Counterclaimants have asserted counterclaims against Ferring for patent infringement.[3]

On December 1, 2018, at the deposition of Ferring's expert, Dr. Jennifer Dressman, counsel for Ferring instructed Dr. Dressman not to answer certain questions (and Dr. Dressman herself refused to answer certain questions). (*See, e.g.*, 12/1/18 Tr., Hartnett Decl., Ex. I, ECF No. 345-9, at 166-69, 209-10.)[4] According to Counterclaimants, the questions that Dr. Dressman was directed not to answer related to certain claim construction positions belatedly taken by Ferring. (Counterclaimants' Mem., ECF No. 344, at 7-11.) Ferring argues in opposition that the limitations on the scope of Dr. Dressman's deposition were consistent with an agreement between the parties that Defendants "will be barred from seeking testimony from" Dr. Dressman "that could have reasonably been asked" during an earlier deposition of Dr. Dressman in September 2018. (September 17, 2018 Ltr., Attaway Decl., Ex. B, ECF No. 383-2, at 2; *see also* Opp. Mem., ECF No. 382, at 7-8.) Counterclaimants dispute that there was any agreement as to the scope of Dr.

---

(MDG), 2005 WL 1068137, at *2 (E.D.N.Y. May 6, 2005). Because I have determined not to impose sanctions, I have the authority to decide Defendants' motion pursuant to Rule 72(a) and § 636(b)(1)(A), and I need not proceed by way of a Report and Recommendation.

[2] "Nocturia" is "urinary frequency at night." *Dorland's Illustrated Medical Dictionary* 1279 (32nd ed. 2012).

[3] Reprise asserts that it is the owner of the two patents that allegedly are infringed; Serenity asserts that it is the exclusive licensee of such patents; and Avadel asserts that it is the exclusive sublicensee of such patents.

[4] The December 1, 2018 transcript of Dr. Dressman's deposition has been filed under seal.

Dressman's deposition and assert that, in any event, they were "not barred from asking questions on brand new positions and evidence that came to light after Dr. Dressman's earlier September deposition." (Reply, ECF No. 400, at 7-8.)

Counterclaimants move for the following relief: "(1) under Federal Rule of Civil Procedure 16(f) to preclude Ferring from presenting argument or evidence directed to untimely disclosed claim construction positions; and (2) pursuant to 28 U.S.C. § 1927 to impose sanctions on Ferring for deposition misconduct." (Not. of Mot. at 2.)

## DISCUSSION

I. **Legal Standards**

   A. **Instructions Not To Answer At A Deposition**

The Federal Rules of Evidence govern the conduct of a deposition. *See* Fed. R. Civ. P. 30(c)(1) ("The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence . . ."). Unlike trial testimony, however, upon an objection by counsel, "the examination still proceeds" and "the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). "A person may instruct a deponent not to answer *only* when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30 (c)(2) (emphasis added); *see Law Firm of Omar T. Mohammedi, LLC v. Computer Assisted Practice Elec. Mgmt. Sols.*, No. 17-CV-04567 (ER) (HBP), 2018 WL 5016605, at *2 (S.D.N.Y. Oct. 16, 2018); *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-05345 (AJN) (KHP), 2017 WL 9771809, at *3 (S.D.N.Y. July 28, 2017).

B. <u>Preclusion As Sanction</u>

Movants seek relief under Rule 16(f) of the Federal Rules of Civil Procedure. Rule 16(f)(1)(C) provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The same standards that apply for the imposition of discovery sanctions apply for the imposition of sanctions under Rule 16(f), *cf. McNair v. Ponte*, No. 16-CV-01722 (LAP), 2019 WL 1428349, at *5 (S.D.N.Y. Mar. 29, 2019), particularly where (as here) the alleged misconduct occurred during the discovery process.

"[B]ecause of the harshness of the sanction of preclusion, such a sanction has been held to be justified only in 'rare situations' evincing culpable conduct by the party against whom the sanction is to be imposed." *Scantibodies Lab., Inc. v. Church & Dwight Co.*, No. 14-CV-02275 (JGK) (DF), 2016 WL 11271874, at *33 (S.D.N.Y. Nov. 4, 2016), *report and recommendation adopted*, 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017) (citation omitted). Therefore, "before precluding a party from introducing relevant evidence because of a discovery violation, a court should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Id*. (internal quotation marks and citation omitted). In determining whether preclusion is appropriate, courts should consider, *inter alia*: "(1) the party's explanation for the failure to comply with the discovery [requirement]; (2) the importance of . . . the precluded [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Id*. at *34 (citing *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).

### C. Sanctions Under 28 U.S.C. § 1927

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To impose sanctions under this provision, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (internal quotation marks and citation omitted).

## II. Application

The Court finds that Ferring acted improperly in instructing Dr. Dressman not to answer certain questions. Rule 29 of the Federal Rules of Civil Procedure permits the parties to enter into stipulations to limit discovery. However, the record does not indicate that the parties entered into a stipulation here. A "stipulation" is "any agreement made by the attorney engaged on opposite sides of a cause (especially if in writing), regulating any matter incidental to the proceedings or trial, which falls within their jurisdiction." *Black's Law Dictionary* 1427 (Deluxe 7th Ed. 1999). In the present case, Ferring points to a September 17, 2018 letter it sent to Counterclaimants' counsel setting forth a limitation on the scope of Dr. Dressman's deposition testimony (Attaway Decl., Ex. B), but provides no written confirmation of agreement from Counterclaimants of that limitation.[5] Thus, there does not appear to have been any agreement, nor a meeting of the minds necessary for an agreement, to have been reached.

---

[5] In the Opposition Memorandum, Ferring asserts cites to two pages of the December 1, 2018 deposition transcript (pp. 209-10) for the proposition that Counterclaimants "recognized that they were bound by [the] agreement" contained in the September 17, 2018 letter. (Opp. Mem. at 8.) The Court has reviewed

5

In any event, even assuming *arguendo* that the parties had reached agreement on limiting the scope of Dr. Dressman's continued deposition, Ferring's instructions to Dr. Dressman not to answer deposition questions were improper, because the record before the Court is ambiguous as to whether the questions asked by Counterclaimants' counsel could have been reasonably asked at the September deposition. Ferring's counsel should have merely noted any objection, rather than instructing Dr. Dressman not to answer.

However, the drastic prelusion remedy sought by Counterclaimants for Ferring's discovery misconduct is not warranted. Instead, the Court hereby orders that, within 30 days of the date of this Order, Ferring shall make Dr. Dressman available for a continued deposition not to exceed two hours, so that Counterclaimants may ask the questions they were prevented from asking on December 1, 2018. This will alleviate any prejudice suffered by Counterclaimants due to Ferring's deposition misconduct, because Counterclaimants will have the opportunity to obtain answers to the deposition questions that went unanswered.[6]

Finally, because I do not find bad faith on the part of Ferring, I decline to award monetary sanctions against Ferring under 28 U.S.C. § 1927.

---

the two pages cited and does not find evidence of Counterclaimants' agreement to be bound by any limitations to the scope of Dr. Dressman's deposition.

[6] This Opinion and Order does not address the issue of whether Ferring's claim construction position was fully and timely disclosed or whether Ferring should be precluded from offering any argument or testimony at trial directed to its construction for the transmucosal claim limitations. Such issues may be presented to Chief Judge McMahon at the appropriate time consistent with her Individual Rules.

## **CONCLUSION**

For the foregoing reasons, Counterclaimants' motion (ECF No. 343) is DENIED. Within 30 days of the date of this Order, Dr. Dressman shall be made available by Ferring for a continued deposition not to exceed two hours.

Dated: New York, New York
      April 24, 2019

                               **SO ORDERED**.

                               *[signature]*
                               _____
                               **STEWART D. AARON**
                               **United States Magistrate Judge**