UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ferring Pharmaceuticals Inc. et al.,

                    Plaintiffs,

-against-

Serenity Pharmaceuticals, LLC et al.,

                    Defendants.

1:17-cv-09922 (CM) (SDA)

**OPINION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/2/2019

      Before the Court is the motion of Defendants/Counterclaim-Plaintiffs Serenity Pharmaceuticals, LLC, Reprise Biopharmaceutics, LLC and Avadel Specialty Pharmaceuticals, LLC (collectively, "Counterclaimants"), pursuant to Federal Rule of Civil Procedure 37(c)(1), to strike (1) portions of the Final Invalidity and Unenforceability Contentions for U.S. Patent Nos. 7,405,203, 7,579,321 and 7,779,761 of Plaintiffs Ferring Pharmaceuticals Inc., Ferring B.V. and Ferring International Center S.A. (collectively, "Ferring"); and (2) portions of the November 1, 2018 Opening Expert Report of Meindert Danhof, Ph.D. (Not. of Mot., ECF No. 330.) The Court has considered Counterclaimants' memorandum of law (ECF No. 331), Ferring's opposition (ECF No. 356), Ferring's Declaration of Mary W. Bourke (ECF No. 357), Counterclaimants' reply (ECF No. 377), Counterclaimants' Declaration of Lisamarie LoGiudice (ECF No. 378) and the parties' Joint Letter emailed to my Chambers on May 1, 2019 ("5/1/19 Joint Letter"). As set forth below, the Court DENIES Counterclaimants' motion, but awards the relief set forth herein.[1]

---

[1] I have the authority to decide this motion via Order, rather than issuing a Report and Recommendation to Chief Judge McMahon, since I am declining to issue the sanctions sought. *See Ferring Pharm. Inc. v. Serenity Pharm., LLC*, No. 17-CV-09922 (CM) (SDA), 2019 WL 1782387, at *1 (S.D.N.Y. Apr. 24, 2019).

Counterclaimants contend in the May 1, 2019 Joint Letter that Ferring made "untimely and incomplete disclosure of its prior art invalidity defenses" in violation of court directives, and "that permitting Ferring to introduce evidence at trial directed to those defenses would be unfairly prejudicial." (5/1/19 Joint Letter at 1.) Ferring counters that its new expert, Dr. Spaans (who replaced Dr. Danhof due to medical reasons), provided an expert report regarding the matters about which Counterclaimants complain; that Counterclaimants' expert "devoted 28 pages of his . . . responsive report" to addressing these matters; and that Dr. Spaans was asked questions at deposition regarding these matters. (*Id*. at 3.)

Rule 37(c)(1) of the Federal Rules of Civil Procedure states that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

> Despite the seeming self-executing nature of the preclusion sanction contained in Rule 37, imposition of such sanction remains within the trial court's discretion; the text of the rule provides that, after affording the dilatory party an opportunity to be heard, the Court has the discretion to impose less severe sanctions. . . . Indeed, courts have "broad discretion" to determine the nature of any sanction that should be imposed under Rule 37, "based on all the facts of the case." Further, as preclusion of evidence is a "harsh remedy," it "should be imposed only in rare situations."

*Cates v. Trustees of Columbia Univ. in City of New York*, No. 16-CV-06524 (GBD) (SDA), 2019 WL 1433709, at *3 (S.D.N.Y. Apr. 1, 2019) (citations omitted).

The Court finds in its discretion that the severe sanction of preclusion is not warranted here, since any failures by Ferring were harmless. Counterclaimants were able to take the deposition of Dr. Spaans and to prepare a report of their own expert regarding the matters at issue. Nevertheless, given Ferring's belated assertion of its defenses, in order to protect

Counterclaimants against any prejudice, the Court will permit Counterclaimants to take the additional discovery set forth below.

For the foregoing reasons, Counterclaimants' motion (ECF No. 330) is DENIED. Counterclaimants shall have seven (7) days to propound twenty (20) written discovery requests to Ferring regarding the defenses at issue (in the form of interrogatories, requests to admit and/or document requests). Ferring shall respond to such requests within 30 days thereafter. Upon receipt of Ferring's responses, for good cause shown, Counterclaimants may seek leave of this Court within seven (7) days to reopen the deposition of Dr. Spaans to make inquiry regarding the discovery responses.

Within seven (7) days of the date of this Order, counsel for Counterclaimants shall file a redacted version of the 5/1/19 Joint Letter on ECF and shall file the complete, unredacted version under seal with the Clerk of Court.

Dated: New York, New York
May 2, 2019

**SO ORDERED**.

_____
**STEWART D. AARON**
**United States Magistrate Judge**