UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

FERRING B.V., FERRING
INTERNATIONAL CENTER S.A., and
FERRING PHARMACEUTICALS INC.,

        Plaintiffs and
        Counter-Defendants,

-against-                             No. 17 Civ. 9922 (CM)

SERENITY PHARMACEUTICALS, LLC,
REPRISE BIOPHARMACEUTICS, LLC,
AVADEL SPECIALTY PHARMACEUTICALS, LLC,

        Defendants and
        Counterclaimants.

---------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)

McMahon, CJ:

    Counterclaim defendants Ferring Pharmaceuticals Inc., Ferring B.V., and Ferring International Center S.A. ("Ferring") move to vacate this Court's Collateral Estoppel order, (Dkt. No. 517), under Federal Rule of Civil Procedure 60(b). Ferring alleges that certain findings of fact made by my colleague The Hon. P. Kevin Castel in the action in which my late colleague Judge Sweet originally entered an equitable estoppel order – later relied on by this court to preclude Ferring from asserting certain affirmative claims – renders Judge Sweet's original order erroneous and should cause this Court to vacate the Collateral Estoppel order.

    Ferring's motion is DENIED.

1

## BACKGROUND

The facts and prior proceedings underlying this action were previously set forth in *Ferring B.V. v. Serenity Pharmaceuticals, LLC*, 391 F.Supp.3d 265 (S.D.N.Y. 2019). Familiarity with the general background of this case is assumed.

Two separate lawsuits, involving four patents directed to pharmaceutical formulations of the drug desmopressin, are relevant to this motion.

Two of the patents – U.S. Patent Nos. 7,405,203, (the "'203 patent") and 7,579,321, (the "'321 patent") – are held by Dr. Seymour Fein as the named inventor (collectively, the "Fein Patents").

The other two – U.S. Patent Nos. 7,560,429 (the "'429 patent") and 7,947,654 (the "'654 patent") – are held by Ferring (collectively, the "Ferring Patents").

The first action (the 2012 Action) was brought by Ferring on April 5, 2012. That suit sought to have Ferring replace Fein as the inventor on the Fein Patents. Serenity and Reprise counterclaimed for a declaration that Dr. Fein was in fact the inventor of the Ferring Patents. The case was originally pending before The Hon. Robert W. Sweet; it was transferred to The Hon. P. Kevin Castel on April 8, 2019, following Judge Sweet's death.

One order and one judgement from the 2012 Action are relevant to this motion: (1) Judge Sweet's September 22, 2015 opinion in which he held that Ferring was equitably estopped to assert its claim to have it replace Fein as the named inventor on the Fein Patents, *Ferring B.V. v. Allergan, Inc.* 253 F. Supp. 3d 708 (S.D.N.Y. 2015), 12-cv-2650, Dkt. No. 190 (the "Equitable Estoppel Opinion")) and (2) Judge Castel's September 27, 2019 Findings of Fact and Conclusions of Law, entered after the completion of the trial on the Serenity/Repose counterclaims. (12-cv-2650, Dkt. No. 453 ("Findings of Fact")).

A second lawsuit (The 2017 Action, which is this case) was filed in the District of Delaware on April 28, 2017, again by Ferring. This time Ferring sought a declaration that the Fein Patents (which were no longer being litigated in Action #1) were invalid and unenforceable on various grounds. The case was transferred to this District on December 20, 2017, assigned to Judge Sweet on January 11, 2018, and reassigned to me on April 8, 2019, again after Judge Sweet's death.

One order from this action is relevant to this motion: this Court's June 12, 2019 opinion holding that, under the doctrine of collateral estoppel, Judge Sweet's Equitable Estoppel opinion barred Ferring from asserting an affirmative claim that it, rather than Fein, was the actual inventor on the Fein Patents. (Dkt. No. 517.)("Collateral Estoppel Opinion").

## A. The 2012 Action

In 2012, Ferring brought an action for correction of patent inventorship under 35 U.S.C. § 256 against Serenity and Reprise. (12-cv-2650, Dkt. No. 1 ("the 2012 Action").)

Ferring sought a declaration that it – and not Dr. Fein – was the inventor of Fein's '203 and '321 patents related to the low dosage application of desmopressin. Ferring therefore sought to have the PTO correct the patent by listing Ferring and two Ferring employees, rather than Fein, as the inventor on the Fein Patents.

Serenity and Reprise asserted counterclaims against Ferring, alleging that Dr. Fein was the actual inventor, or at least a co-inventor, of the inventions in Ferring's '429 and '654 patents.

*1. The Equitable Estoppel Opinion*

On April 17, 2015, Serenity and Reprise – the defendants in the 2012 Action – moved for summary judgment dismissing Ferring's inventorship claims. (12 civ. 2650 Dkt. No. 132.) They move on the ground that Ferring was equitably estopped from claiming that it was the true inventor of the '203 and '321 patents, because Ferring had unduly "delayed advancing [its] claims

3

in [the] litigation in order to impose the risks and costs of drug development on [Dr. Fein and his codefendants] and then to obtain patent correction in [its] favor." *Ferring B.V. v. Allergan, Inc.* 253 F. Supp. 3d 708, 710. They argued that it would be unfair for Ferring to claim that it was the true inventor on the Fein patents after it sat on the sidelines for seven years while Dr. Fein, relying on Ferring's acquiescence, invested millions in developing his desmopressin products.

On September 22, 2015, Judge Sweet granted the motion by Serenity and Reprise and dismissed Ferring's claim for correction of patent inventorship on the '203 Patent and the '321 patents – not on the merits, but on the ground of equitable estoppel. (*Ferring B.V. v. Allergan, Inc.* 253 F. Supp. 3d 708 (S.D.N.Y. 2015), 12-cv-2650, Dkt. No. 190 (the "Equitable Estoppel Opinion")).

Judge Sweet found that Ferring was equitably estopped from bringing a claim to obtain patent correction in its favor because – despite extensive correspondence spanning several years between Ferring and Dr. Fein concerning Dr. Fein's inventorship – "Ferring made no response and took no further action for over seven years, while Defendants expended significant resources prosecuting, developing, and commercializing Dr. Fein's patents." *Id.* at 717. Crucially, Ferring's litigation position that its employees should be the named inventors of the Fein Patents contradicted its representation to Fein that the low-dosage formulation that was the subject of the patents "was not patentable at all." *Id.* at 719. Judge Sweet dismissed Ferring's inventorship claims because of Defendants' reliance on Ferring's representations and its delay in taking any action against Fein, despite knowing that he had obtained patents on these supposedly "unpatentable" inventions, and then – having obtained the patents – developing products utilizing the patented inventions.

4

Ferring's appeal from Judge Sweet's Equitable Estoppel Opinion is presently pending in the Federal Circuit. (CAFC Appeal No. 202-1098).

Following the entry of summary judgment and the dismissal of Ferring's claims, Judge Sweet began a trial on Serenity and Reprise's counterclaims. However, on September 14, 2018, the trial was interrupted, and further proceedings were stayed, pending the outcome of an interlocutory appeal filed by Ferring with the Federal Circuit. Ferring's petition was finally denied by the Federal Circuit on March 8, 2019 (2012 Action, Dkt. No. 359). But before the trial could resume, Judge Sweet unexpectedly died.

The 2012 Case was then transferred to my colleague, The Hon. P. Kevin Castel. On May 10, 2019, Ferring filed a motion for relief under Rule 60(b), seeking to vacate Judge Sweet's Equitable Estoppel Opinion. Ferring argued that certain claim construction rulings made by Judge Sweet in the 2017 Case (17-cv-9922, Dkt. No. 421) "negated" the foundation of that decision. (2012 Action, Dkt. No. 374 at 1.)

On July 18, 2019, Judge Castel denied Ferring's 60(b) motion, holding that "no exceptional circumstances" warranted the vacatur of the Equitable Estoppel opinion. *Ferring B.V. et al. v. Allergan, Inc. et al.*, 2019 WL 3239007, *3 (S.D.N.Y. July 18, 2019).

   *2. Judge Castel's Findings of Fact and Conclusions of Law in the 2012 Action*

Judge Castel then resumed the bench trial in the 2012 Action that had been interrupted by Ferring's interlocutory appeal. What remained to be tried were Serenity's and Reprise's counterclaim for correction of inventorship of Ferring's patents – the '429 and '654 patents.[1]

On September 27, 2019, following a five-day bench trial, Judge Castel issued his Findings of Fact and Conclusions of Law in the 2012 Action. (2012 Action, Dkt No. 453, the

---

[1] These are not the patents at issue in the present litigation.

5

"Findings of Fact.") Judge Castel concluded that Serenity and Reprise had failed to prove, by clear and convincing evidence, that Dr. Fein was the actual inventor of the inventions claimed in the '429 and '654 patents. Specifically, Judge Castel concluded that Serenity and Reprise did not prove by clear and convincing evidence that Dr. Fein "conceived of the general use of lower doses of desmopressin" or "that Fein contributed 'to the conception of the subject matter' of claims of the patents-in-suit in any manner that was not insignificant in quality." (*Id.* at 35) (citation omitted).

An appeal was filed from Judge Castel's decision but was later withdrawn. It is my understanding that the only issue presently on appeal in the Federal Circuit in connection with the 2012 Action is the Equitable Estoppel Opinion.

### B. The Present Litigation

In 2017, Ferring filed a declaratory judgment lawsuit against Serenity and Reprise in the District of Delaware, seeking a declaration that the two Fein patents – the '203 and '321 patents -- were unenforceable because of Dr. Fein's allegedly inequitable conduct before the Patent Office. The complaint also sought a declaration that the Fein patents were invalid for four separate reasons: (1) invalidity under 35 U.S.C. § 102(f) on the grounds that Dr. Fein did not actually invent the subject matter claimed in the Patents in suit (because Ferring did); (2) invalidity under 35 U.S.C. § 112 for lack of enablement; (3) invalidity under 35 U.S.C. § 112 for failure to provide an adequate written description; and (4) invalidity under 35 U.S.C. § 112 for indefiniteness. (Dkt. No. 22.)

The declaration sought by Ferring in Count One – that Dr. Fein was not the real inventor on the '203 and '321 patents pursuant to 35 U.S.C. § 102(f), and that the subject matter was really the result of "Ferring's decades-long research and development of desmopressin" (*Id.* at 24) –

6

was essentially the declaration that Judge Sweet had equitably estopped Ferring from pursuing in the 2012 Action.

Serenity and Reprise counterclaimed, alleging that Ferring had infringed the Fein patents. (Dkt. No. 101.) In its reply to the counterclaim, Ferring asserted, as affirmative defenses, both non-infringement and invalidity. Among the grounds it asserted for invalidity was 102(f) invalidity, based on Fein's lack of inventorship. (Dkt. No. 115.)

Defendants moved to transfer the 2017 Action to the Southern District of New York, arguing that the case was "related" to the 2012 Action. (*See* D. Del. 17 civ. 479 Dkt. Nos. 11-12.) The Delaware court granted the motion to transfer to this District, and Judge Sweet agreed to take the case pursuant to Rule 14 of the Southern District of New York's Rules for the Division of Business Among Judges.

### I. The Collateral Estoppel Opinion

Earlier this year, Serenity and Reprise moved for partial judgment on the pleadings. In asserting the defense of collateral estoppel, Serenity and Reprise sought dismissal of "Plaintiffs' § 102(f) allegations in Count I of Plaintiffs' Amended Complaint." (Dkt. No. 206.) Defendants argued that Judge Sweet's Equitable Estoppel Opinion in the 2012 Action precluded Ferring from maintaining Count I -- its declaratory judgment claim that Dr. Fein was not the actual inventor of the inventions in the '203 and '321 Patents -- because Ferring was the true inventor. That motion was pending before Judge Sweet when he passed away in mid-March.

After reassignment, this Court granted the motion and dismissed Count One on the ground of collateral estoppel – Judge Sweet having already found that Ferring was equitably estopped from pursuing the very same affirmative claim in the 2012 Action. *Ferring B.V. et al. v. Serenity Pharmaceuticals, et al.*, 391 F. Supp. 3d 265 (S.D.N.Y. 2019) (hereinafter "the Collateral Estoppel Opinion".) In the Collateral Estoppel Opinion, I noted that Judge Sweet's

7

findings "that Ferring would not pursue claims against Dr. Fein challenging his purported inventions" were the basis for his ruling that "Ferring was equitably estopped from seeking to 'correct' the inventorship shown on the '203 and '321 patents." (Collateral Estoppel Opinion at 10-11.)

Ferring now moves to vacate this Court's Collateral Estoppel Opinion under Federal Rule of Civil Procedure 60(b) – purportedly in light of issues raised by Judge Castel's findings of fact at the trial in the 2012 Action. (Dkt. No. 517.)

## DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)).

Rule 60(b) applies to "final" judgments only. *Wyche v. Advanced Drainage Systems, Inc.*, 15-cv-5955 (KPF), 2019 WL 2865231, at *2 (S.D.N.Y. July 3, 2019); *see also* Fed. R. Civ. P. 60(b). "A final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). "The prevailing rule in this Circuit and elsewhere is that an order is final for purposes of Rule 60(b) when it is appealable." *In re Shengdatech, Inc. Sec. Litig.*, No. 11 Civ. 1918 (LGS), 2015 WL 3422096, at *3 (collecting cases).

Ferring argues that it is entitled to relief under either Rule 60(b)(2), 60(b)(5), or 60(b)(6). (Dkt. No. 570 at 3.) Those clauses permit a court to relieve a party from a final judgment or order in the following instances:

8

(2) newly discovered evidence that, with reasonable diligence, could not have
been discovered in time to move for a new trial under Rule 59(b);

...

(5) the judgment has been satisfied, released, or discharged; it is based on an
earlier judgment that has been reversed or vacated; or applying it prospectively is
no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

To succeed under Rule 60(b)(2), "a party must demonstrate that: '(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, [and] (3) the evidence must be admissible and of such importance that it probably would have changed the outcome.'" *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001).

Relief under Rule 60(b)(5) is proper "when the party seeking relief from an injunction or consent decree can show 'a significant change either in factual conditions or in law.'" *Agostini v. Felton*, 521 U.S. 203, 215 (1997).

Under Rule 60(b)(6), a movant is required "to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

### B. Analysis

Ferring's Rule 60(b) motion is deficient both procedurally and on the merits.

Procedurally, the motion must be denied because the Collateral Estoppel Opinion was not a "final judgment, order, or proceeding" under Rule 60(b). Fed. R. Civ. P. 60(b); *see Petrello*, F.3d at 113 (2d Cir. 2008) ("A final judgment or order is one that conclusively determines all pending claims of all parties to the litigation, leaving nothing for the court to do but execute its decision."). This deficiency alone resolves the issue.

9

On the merits, Ferring's motion cannot be brought under Rule 60(b)(2) because Judge Castel's finding of fact on which Ferring relies does not constitute "newly discovered evidence." Even if it did, the Findings of Fact entered by my colleague Judge Castel would not have changed the outcome of the motion.

Rule 60(b)(5) is inapplicable as a matter of law because, the Collateral Estoppel Opinion is not being applied prospectively, has not been "satisfied, released, or discharged," and is not based on an earlier judgment that has been reversed or vacated.

Finally, Ferring has failed to identify "extraordinary circumstances" justifying relief under Rule 60(b)(6) – particularly because Ferring can point to no undue prejudice. Ferring remains collaterally estopped from bringing an affirmative claim to challenge inventorship. However, due in large part to the distinction between offensive and defensive collateral estoppel, nothing in this Court's Collateral Estoppel opinion decided that Ferring could not assert §102(f) as an affirmative defense. Whether it can has yet to be litigated; the equities and standards for offensive and defensive collateral estoppel are different, and there is no guarantee that Serenity and Reprise would win if they moved to strike Ferring's affirmative defense.

Ferring's motion is denied.

1. *The Collateral Estoppel Opinion is not a final judgment for purposes of Rule 60(b).*

By its plain language, Rule 60(b) applies only to "a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). In the Second Circuit, an order is final for purposes of Rule 60(b) when it is appealable. *See Wyche*, 2019 WL 2865231, at *2. And an order is appealable when it

"conclusively determines all pending claims of all parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello*, 533 F.3d at 113.

Ferring's invocation of Rule 60(b) is misplaced. The rule does not apply to review the Collateral Estoppel Opinion, which is an interlocutory order in the 2017 Action. Though that decision resulted in the dismissal of Count I of Ferring's declaratory judgment claim, there remain pending Counts Two, Three, and Four. Ferring seeks declaratory judgment on grounds other than lack of inventorship -- including lack of enablement, failure to provide an adequate written description, and indefiniteness. And Defendants have asserted counterclaims for infringement. Ferring cannot credibly maintain that the Collateral Estoppel Opinion "conclusively determine[d] all pending claims of all parties to the litigation." *Id.*

> 2. *Judge Castel's Findings of Fact concerning Fein's contribution (or lack of same) to the inventions covered by the '429 and '654 Patents do not constitute newly discovered evidence for purposes of Rule 60(b)(2) and would not have changed the outcome of the Collateral Estoppel Opinion.*

Even if we were to assume that the Collateral Estoppel Opinion were a final judgment or order, Ferring's motion fails on the merits.

Rule 60(b)(2) offers relief "from a final judgment, order, or proceeding" on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[.]" Fed. R. Civ. P. 60(b)(2). To prevail, Ferring "must meet an 'onerous standard' by showing that the evidence was "of such importance that it probably would have changed the outcome." *Teamsters*, 247 F.3d at 392.

Ferring has asserted that "the findings of fact adopted by Judge Castel [in the 2012 Action] constitute 'newly discovered evidence.'" (Dkt. No. 573 at 4) However, Judge Castel's Findings of Fact are not "newly discovered evidence." Indeed, they are not evidence at all. They are findings that are based on facts of which Ferring has been aware -- and has relied on --

11

throughout the course of the 2012 Action. (Findings of Fact, *passim*). The Findings address the same facts Ferring has pled and argued throughout the seven-year course of that lawsuit. There is nothing "newly discovered" about anything, other than Judge Castel's conclusions about what those facts mean.

Even if I were to credit Ferring's argument that Judge Castel's findings were "newly discovered evidence," it is entirely unclear that they were of such importance that they "probably would have changed the outcome" of the Collateral Estoppel Opinion. *Teamsters*, 247 F.3d at 392.

The Collateral Estoppel Opinion (which applied to the Fein patents only) was an application of Judge Sweet's Equitable Estoppel Opinion (which also related to the Fein patents only). The Equitable Estoppel Opinion did not represent a decision on the merits, as did Judge Castel's verdict relating to Ferring's '429 and '654 patents. Instead, it was predicated on Judge Sweet's conclusion that Ferring was equitably estopped from bringing a claim to correct inventorship on the '203 and '321 patents, because it misled Fein for seven years by leading him to believe that it "would not pursue claims against Dr. Fein challenging his purported inventions." (Collateral Estoppel Opinion at 10.)

Judge Castel's Findings of Fact concern only Dr. Fein's contributions to the use of desmopressin in Ferring's '429 and '654 patents. Judge Castel did not address the most salient issue discussed by Judge Sweet in the Equitable Estoppel opinion, which was Ferring's delay in challenging Fein's claim to inventorship of the '203 and '321 patents – patents that issued to Fein in 2008 and 2009 respectively. It was Ferring's acquiescence in connection with the patents that issued to Fein – not anything about Fein's contribution to the patents that issued to Ferring – that was the basis of this Court's determination to give collateral estoppel effect to Judge Sweet's

12

opinion. This Court sees no reason, based on Judge Castel's Findings of Fact, to set aside its extremely narrow holding, which was that Ferring is estopped from bringing any affirmative claim asserting that it, and not Dr. Fein, should be listed as the inventor of the '203 and '321 Patents. Nothing in Judge Castel's Findings of Fact casts any doubt on that premise. Therefore, had I known of his Findings before deciding the Collateral Estoppel Opinion, the outcome would not have been different.

### 3. *Rule 60(b)(5) is inapplicable as a matter of law.*

Ferring next asserts that if "Rule 60(b)(2) does not apply here, the Collateral Estoppel Opinion still should be vacated under" Rule 60(b)(5). (Dkt No. 570 at 9.) Their assertion is unavailing.

Rule 60(b)(5) provides that a court "may relieve a party ... from a final judgment, order, or proceeding" that (1) "has been satisfied, released, or discharged," or (2) "is based on an earlier judgment that has been reversed or vacated," or (3) where "applying [the judgment] prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5)

But none of those conditions is applicable. The Collateral Estoppel Opinion has not been "satisfied, released or discharged." Nor is it based on an earlier judgment "that has been reversed or vacated." In no way did the result in the trial of the 2012 Action "reverse" or "vacate" the Equitable Estoppel Opinion, upon which the Collateral Estoppel Opinion is based. The proof of the pudding is that Judge Castel did not try the claims that Judge Sweet ruled Ferring to be equitably estopped from pursuing. Those claims were dismissed by Judge Sweet, and they remain dismissed. This court is in no position to resurrect them because I, presiding over the 2017 Action, do not sit as a Court of Appeals over the decisions of Judge Sweet in the 2012 Action – hence the Collateral Estoppel Opinion, applying Judge Sweet's Equitable Estoppel Opinion when Ferring tried to assert the identical claim in a new lawsuit. The Federal Circuit

13

will have the last word on the subject; Ferring's appeal of the Equitable Estoppel Order is finally ripe (because Judge Castel got rid of the rest of the case), and that appeal is presently pending.

The third clause of Rule 60(b)(5) does not apply because the Collateral Estoppel Opinion is not being applied prospectively. A final judgment or order has "prospective application" for purposes of Rule 60(b)(5) only where it is "'executory' or involves 'the supervision of changing conduct or conditions,'" as in an injunction. *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016).

The strongest argument in favor of deeming that the Collateral Estoppel Opinion has prospective application is that it continues to preclude Ferring from bringing a claim to challenge inventorship. However, the Second Circuit has held that a judgment is not prospective under Rule 60(b)(5) where, as here, "its only prospective effect is to preclude relitigation of the issues decided." *Id.* at 171 (citing *DeWeerth v. Baldinger*, 38 F.3d 1266, 1276 (2d Cir. 1994)).

### 4. *Ferring has failed to identify "extraordinary circumstances" justifying relief under Rule 60(b)(6).*

When the scope of the Collateral Estoppel Opinion is properly understood, one realizes that it merely precludes Ferring from affirmatively asserting the claim that it – and not Dr. Fein – is the true inventor on the '203 and '321 patents. Nothing in the Collateral Estoppel Opinion addresses whether Ferring can assert Fein's lack of inventorship as an *affirmative defense* to a claim of infringement. That issue has not yet been raised, let alone litigated – and it is not automatically determined by the previous rulings by Judge Sweet and myself.

Unless and until Ferring establishes that it cannot defend itself against allegations of infringement by proving that Dr. Fein did not invent the inventions disclosed in the Fein Patents, it cannot even argue, yet alone establish, "extraordinary circumstances," *Gonzalez*, 545 U.S. at 535, that would cause it to suffer undue prejudice. Therefore, Ferring fails on this prong of Rule 60(b) as well.

14

### i. The Collateral Estoppel Opinion should be narrowly understood to bar Ferring only from bringing affirmative claims.

At issue in the Collateral Estoppel Opinion was whether Judge Sweet's Equitable Estoppel Opinion foreclosed Ferring from affirmatively asserting claims for inequitable conduct and a patent invalidity claim centered on the premise that Ferring – and not Dr. Fein – invented the '203 and '321 patents. (Collateral Estoppel Opinion at 3.) The opinion required an application of defensive issue preclusion.

Defensive issue preclusion – also known as collateral estoppel – occurs when a defendant moves to foreclose a plaintiff from relitigating an issue previously decided against the plaintiff. *United States v. Mendoza*, 464 U.S. 154, 159 n.4 (1984). A second type of issue preclusion – known as offensive collateral estoppel – occurs when a *plaintiff* asserts issue preclusion. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). When a plaintiff asserts offensive collateral estoppel, it bears the burden to establish that application of offensive collateral estoppel is fair. *See Flood v. Just Energy Marketing Corp.*, 904 F.3d 219, 237 (2d Cir. 2018) (citing *Parklane*, 439 U.S. at 331; *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 239-40 (2d Cir. 2018)).

In their motion for judgment on the pleadings, Serenity and Reprise used *defensive* collateral estoppel to foreclose Ferring from asserting an offensive claim. (*See* Collateral Estoppel Opinion at 29 ("[Defendants] ... are using the doctrine defensively, in response to Ferring's claims against them.").). This Court credited that defense in the Collateral Estoppel Opinion and dismissed Count I – one of four grounds on which Ferring sought a Declaratory Judgment that the patents were invalid.

However, before this Court are also Serenity and Reprise's *counterclaims* for Ferring' alleged infringement of the '203 and '321 Patents. Serenity and Reprise are the plaintiffs on those

15

counterclaims. This change in their posture, from defensive to offensive, has legal effect. If Serenity and Rerprise had sought to strike Ferring's affirmative defense to those counterclaims on the grounds of collateral estoppel – which, I hasten to add, they have not done – then they would be deploying *offensive* collateral estoppel.

With that distinction in mind, let us consider what Judge Sweet's opinion did, and did not, do. Judge Sweet found that Ferring was equitably estopped from bringing a claim to correct inventorship of Fein's patents ('203 and '321), because its litigation position in the action to correct inventorship – that it, and not Dr. Fein, was the true inventor of the Fein patents – contradicted statements made years earlier to Fein's lawyer that the subject matter of Fein's patents was not patentable. Further, Fein, Serenity, and Reprise's reliance interest in the patents – into which they had invested $60 million – was strengthened by Ferring's seven-year delay in suing, "Despite having threatened immediate legal action." (Equitable Estoppel Opinion at 28.)

Crucially, the legal test that Judge Sweet used to find equitable estoppel – derived from *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992) – is a standard specifically developed to bar the assertion of *claims*. (Equitable Estoppel Opinion at 21.) It reads:

> Equitable estoppel may be applied to bar a *claim* where the following three elements are found: (1) the party making the *claim* has, through misleading conduct, led the non-*claiming* party to reasonably infer that the *claimant* does not intend to enforce his *claim*—"conduct" may include specific statements, action, inaction, or silence where there is a duty to speak; (2) the non-*claiming* party relies upon that conduct; (3) due to his reliance, the non-*claiming* party will be materially prejudiced if the *claiming* party is allowed to proceed with his *claim*.

*Pannu v. Iolab Corp.*, 96 F. Supp. 2d 1359, 1368 (S.D. Fla. 2000) (empbasis added) (citing *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1042-43, 1046 (Fed. Cir. 1992) (en banc)).

This Court, obviously, could go no further than did Judge Sweet – it was his opinion that I was asked to apply, after all. This court simply applied Judge Sweet's ruling to bar Ferring

16

from bringing in the 2017 Action what was essentially the claim it had been estopped from bringing in the 2012 Action – namely, a claim for a declaration that Ferring, not Dr. Fein, was the actual inventor of the inventions disclosed in the '203 and '321 patents. Just as Judge Sweet precluded Ferring from asserting a declaratory judgment claim to correct inventorship based on the defense of equitable estoppel, so this Court precluded Ferring from asserting allegations in a declaratory judgment claim based on Fein's inventorship.

In both instances, estoppel (whether equitable or collateral) was a defense asserted by Serenity and Reprise to a claim asserted by Ferring. Judge Sweet concluded that Ferring – based on its behavior, not on Fein's – could not affirmatively assert such a claim. This court believed and believes itself bound to apply Judge Sweet's decision within its parameters – which are, quite simply, that Ferring was estopped to assert this particular claim.

To be sure, the Collateral Estoppel Opinion speaks about preventing Ferring from "challenging inventorship." (Collateral Estoppel Opinion at 38.) However, the Collateral Estoppel Opinion could not go beyond what was "actually and necessarily decided" by Judge Sweet in his Equitable Estoppel opinion. *Dutrow v. New York State Gaming Com'n*, 607 Fed.Appx. 56, 57 (2d Cir. 2015). Judge Sweet issued his Equitable Estoppel opinion to dismiss claims affirmatively asserted by Ferring – claims seeking a declaration that Fein was not the inventor of the '203 and the '321 patents, and that Ferring employees were the actual inventors. Similarly, when this court applied the Equitable Estoppel Opinion in connection with Serenity and Reprise's Rule 12(c) motion, it was in the context of dismissing so much of Ferring's affirmatively asserted claims against Serenity and Reprise as relied on Fein's asserted lack of inventorship of the patents that were and are registered in his name. In both instances, Judge

17

Sweet and I were dealing with a defensive collateral estoppel issue raised by Serenity and Reprise in response to Ferring's affirmative claim.

> ii. The issue of whether the Equitable Estoppel Opinion bars Ferring from asserting an affirmative defense to infringement based on Inventorship has not been raised, and so is not foreclosed

At no time did Serenity and Reprise move to strike any of Ferring's affirmative defenses, including the one that corresponds to its claim that Fein was not the real inventor of the inventions disclosed in the Fein Patents. Therefore, nothing in either Judge Sweet's Equitable Estoppel Opinion or this court's Collateral Estoppel Opinion addresses whether Ferring can maintain such an affirmative defense. And it is not at all clear that this court would automatically apply collateral estoppel to bar Ferring's invocation of Section 102(f) as an affirmative defense if that issue were squarely presented. *See Neaderland v. C.I.R.*, 424 F.2d 639, 642 (2d Cir. 1970) ("Collateral estoppel is confined ... to situations where the matter raised in the second suit is identical *in all respects* with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." (emphasis added) (internal quotations marks omitted)). Offensive collateral estoppel is unique. *See generally Parklane*, 439 U.S. at 331 ("[O]ffensive use of collateral estoppel does not promote judicial economy in the same manner as defensive use does."). Not acknowledging this fact elides the difference between a defense and a claim. *Cf. Marcel Fashions Group*, 898 F.3d at 240. ("We also acknowledge that what constitutes a 'defense' may not always be as clear as what constitutes a 'claim,' and that a broad understanding of 'defense in this context risks eliding the difference between claim and issue preclusion.")

Were a motion to strike Ferring's affirmative defense to be made, Serenity and Reprise would be invoking offensive (not defensive) collateral estoppel, and so would bear the burden of

18

showing that Ferring should be collaterally estopped from relying on § 102(f) as an affirmative defense to their claim of infringement. They must also establish that foreclosing the affirmative defense would be fair. *See Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 37 (2d Cir. 2005); *Flood*, 904 F.3d at 237 ("In addition to the [collateral estoppel] factors ... a court must also satisfy itself that application of offense collateral estoppel is fair.").

As none of that has been litigated, there is no point in discussing it further. Until this issue is raised and decided, Ferring cannot credibly argue that it suffers undue prejudice., as required to prevail under Rule 60(b)(6).[2]

## CONCLUSION

For the above reasons, Ferring's motion to vacate the Collateral Estoppel Opinion is DENIED. The Clerk is directed to remove the motions at Docket Number 569 from the Court's list of open motions.

One further note: the court is distressed to see that the appeal from Judge Sweet's Equitable Estoppel Order – which has some impact on the upcoming trial in this case – is not on an expedited track. That being so, I am considering, not a postponement of the trial – that is not going to happen – but whether to rule on all issues except those that might be impacted if Judge Sweet's Equitable Estoppel Order were overturned, and to hold my ruling on those issues pending a decision in the Federal Circuit. The parties may feel free to weigh in on that.

---

[2] And just to be clear – even if Ferring were to lose on that issue it would not automatically prevail under Rule 60(b)(6). But until Ferring is entirely foreclosed from using the inventorship issue, both offensively and defensively, it *cannot* demonstrate undue prejudice.

19

Dated: December 27, 2019

                                                                                     Chief Judge

BY ECF TO ALL COUNSEL