UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

FERRING PHARMACUETICALS INC.,
FERRING B.V., and
FERRING INTERNATIONAL CENTER S.A.,

        Plaintiffs, -+                              17 Civ. 9922 (CM)(SDA)

    -against-

SERENITY PHRAMAUTICALS, LLC AND
REPRISE BIOPHARMACEUTICS, LLC

        Defendants.

--------------------------------------------------------------x

SERENITY PHARMACEUTICALS, LLC,
REPRISE BIOPHARMACEUTICS, LLC, and
AVADEL SPECIALTY
PHARMACEUTICALS, LLC,

        Counterclaim-Plaintiffs,

    -against

FERRING B.V., FERRING INTERNATIONAL
CENTER S.A. and FERRING
PHARMACEUTICALS INC.,

        Counterclaim-Defendants.

--------------------------------------------------------------x

RULING ON REQUESTS TO SEAL

McMahon, C.J.:

    The court, for its rulings on the parties' requests to file certain documents under seal and to redact portions of those documents from the public record (Document #634):

*Affidavit of Seymour H. Fein (Docket #623)*

All of counterclaimants' requests to keep certain materials under seal are DENIED. No real reason has been given why this information (much of which would have to be part of the record in the bankruptcy proceeding of Avadel) is such a big secret. Information concerning licenses that are pertinent to this action is not confidential information. The fact that some information about the termination of various licensing agreements may have been kept confidential to date does not make it a trade secret or otherwise justify cloaking it in secrecy. It is part of the history of the commercial dealings of parties to this lawsuit concerning the product at issue in this lawsuit.

The affidavit at Docket #623 shall be filed in unredacted form by Friday, February 28 at 5 PM.

*Affidavit of Chrisotpher Vellturo, PhD (docket #634)*

Dr. Vellturo is Ferring's damages expert. The court is not going to award secret damages.

In paragraph 11, Dr. Vellturo summarized his opinion on damages. He may have based his opinion in part on sales data from Ferring, but no sales data appears in Paragraph 11 Only the expert's ultimate conclusions appear in Paragraph 11. There is nothing secret about the expert's opinion. Paragraphs 11(b) and (c) may not be redacted.

I do note that Ferring justifies its request for sealing by stating that the information in this paragraph "was prepared in-house at Ferring." If Ferring crafted the expert's opinion (which is all that appears at Paragraph 11), it is of precious little use to me.

The entirety of Paragraphs 26 – 32 appear to summarize the terms of the various commercial agreements between Serenity and Avadel or Serenity and Reprise relating to desmopressin. It appears that Avadel – formerly a party to this litigation – is the "third party" with whom these "highly confidential" agreements were reached. Reprise is not a "third party;" it is a defendant and counterclaimant in this case. Nothing in the terms of those agreements remains confidential as we proceed to trial – a public trial, at which these documents will be admitted as exhibits and will be discussed in testimony that will be given in open court. All relevant information about the license agreements that touch on this litigation and that were entered between and among the original parties to this litigation will be made publicly available. The agreements appear to have expired or otherwise ended. No secrecy.

Paragraphs 33-41 are the expert's analysis of how those agreements would factor into the setting of a hypothetical royalty. I will not allow the expert to convey his opinions under a cloak of confidentiality. No secrecy.

In paragraph 42 (including N. 69), there is discussion of a license agreement between Ferring and a third party. The third party's name may be redacted. The rest of the content of this paragraph and footnote may not be redacted and must be publicly filed. Redacting the name protects any privacy interest that the non-party to this lawsuit may have.

Paragraphs 43-45 are more expert analysis, and it may not be redacted or filed under seal.

The same is true of Paragraph 47. Ferring is involved in litigation in a court of law, where testimony is presumptively public. The opinions expressed in this paragraph on the impact of Ferring's rebate practices on royalty rate is part of that public litigation. No redaction or sealing.

And the same is true of the expert's damages calculation at paragraphs 43-44, 52 and 59-61. The name of any third party (which does not include Serenity, Reprise or Avadel) whose data is relied on in making the expert's calculations may be redacted. The parties may refer to these third party entities as "X" and "Y" and "Z." They may not cloak an expert's opinions in secrecy wholesale.

Paragraph 45 is a perfect example of the abuse of the public filing rule that is being practiced by all parties to this litigation. It reads, in its entirety:

> The patents-in-suit have been licensed under multiple agreements related to collaborative development and commercialization of Noctiva. I am not aware of the patents-in-suit having been licensed in any competitive context. I therefore found that this factor exerts modest upward pressure on the royalty rate since, under the ordinary course of business, Counterclaimants have not demonstrated a willingness to license a competitor.

Not a scintilla of confidential business information is disclosed in this paragraph. It is not a trade secret – it is not a secret – that Reprise and Serenity have not licensed Noctiva to a competitor. There is no data in this paragraph; it is a simple recital of facts. The first sentenced relates to the agreements among the parties ( and former parties) to this lawsuit. The second sentence says that there are no competitive licenses. The third paragraph gives the expert's opinion about how those two facts might impact a reasonable royalty. We are at the point of trial. None of this is secret, and if it is, none of it can remain secret.

Finally, paragraph 49 contains sales data relating to defendants/counterclaimants/Avadel's marketing of Noctiva. I would be shocked if the actual sales data were not already public in the context of Avadel's bankruptcy, although the parties are free to tell me otherwise. The sales projections are relevant to the claim for damages. Paragraph 50 simply offers the expert's view on how and when pharmaceutical companies expend money during the life cycle of a product – information I have heard before, in other cases, with no claim of secrecy – as indeed there could not be, if this is a general pattern in the industry. The expert then opines that Noctiva forecasts were consistent with this general industrial pattern. There is nothing secret about that.

*Direct Testimony of Andrew Carter (Docket #625)*

The redaction requests are extensive and would effectively force the court to evaluate the question of a reasonable royalty (assuming we get there) in secret, which I will not do. Moreover

the parties' description of what is contained in many of these paragraphs in simply not accurate – conclusions by an expert that are "based on" allegedly confidential data that is not set out in the paragraph do not thereby become "confidential" conclusions. And the court will not be making "secret" findings of fact in this case.

Moreover, information about the agreements between and among Reprise, Serenity and Avadel relating to the product Noctiva will NOT be treated as confidential in the context of this lawsuit. You are bringing claims relating to these matters in a court of law; they will be litigated publicly.

From among the many proposed redactions in Mr. Carter's testimony, the following information may be redacted with originals filed under seal: the name of the third party entity may be redacted from paragraph 150 and 151 and 152 (Ferring's proposed redactions); the name of the third party entity to the agreements in paragraph 47-59 (and subsequent pages) and paragraph 60 (and subsequent pages). The rest are disallowed.

I expect proper filings to be made by close of business tomorrow.

This order does not address Serenity/Reprise's request for permission to file proposed findings of fact and conclusions of law under seal. (Docket # 605). But the parties need to understand that I will be filing a PUBLIC decision. I will not be making findings of fact or conclusions of law under seal. I will not seal "damages analysis" simply because it relies on the terms of agreements between and among the parties to this lawsuit or to the products at issue in this lawsuit. Both parties want to seal documents that simply do not contain "highly proprietary" information. The formula for Coca Cola is "highly proprietary" information in which the owner has a significant privacy interest. The fact that you have agreements with each other relating to the products that underlie this lawsuit – agreements that underlie this lawsuit – is not private information. I realize that a rather liberal standard of "confidentiality" was permitted by my predecessor. The Second Circuit has made is quite clear that this practice is no longer to be followed.

This constitutes the decision and order of the court.

Dated: February 27, 2020

_____
Chief Judge

BY ECF TO ALL COUNSEL