UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERRING PHARMACEUTICALS INC., FERRING B.V., and FERRING INTERNATIONAL CENTER S.A.,<br><br>                                    Plaintiffs,<br><br>        v.<br><br>SERENITY PHARMACEUTICALS, LLC, and REPRISE BIOPHARMACEUTICS, LLC,<br><br>                                    Defendants. | No. 17 Civ. 09922 (CM)(SA) |
| SERENITY PHARMACEUTICALS, LLC, and REPRISE BIOPHARMACEUTICS, LLC<br><br>                                    Counterclaim-Plaintiffs,<br><br>        v.<br><br>SERENITY PHARMACEUTICALS, LLC, and REPRISE BIOPHARMACEUTICS, LLC,<br><br>                                    Defendants. | No. 17 Civ. 09922 (CM)(SA) |

**ORDER DENYING COUNTERCLAIMANTS' MOTION FOR RECONSIDERATION**

McMahon, C.J.:

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scare judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered, and decided." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an

1

intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Motions for Reconsideration are not means to make the same arguments already rejected by the Court after careful consideration. To these ends, a request for reconsideration under Local Rule 6.3 must point to controlling law or factual matters put before the court in it its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Counterclaimants seek reconsideration of the Court's decision denying in part and granting in part its motion for judgment on the pleadings. (Dkt. No. 676) The motion is based on misrepresentations of the Court's conclusions and subtle mischaracterizations of the law.[1] For example, Counterclaimants aver that the Court interpreted "§ 102(f) to require only one of the two steps required to establish improper inventorship under 102(f)—i.e. … that Ferring need only prove that Dr. Fein was not the inventor." (Dkt. No. 677, Motion p. 4.) Supported by a quote taken wholly out of context, this argument is premised on a fundamental mischaracterization of the Court's position.

As a threshold matter, the Court is plainly aware of both steps required to establish improper inventorship under 102(f). The passage Counterclaimants quote speaks directly to the different legal effects of sections 256 and 102(f). Through § 256, Ferring would have the Court substitute Ferring employees for Dr. Fein as the inventor of the patents. The patent would remain

---

[1] To point out just one, in *SCA Hygiene*, the Supreme Court *explicitly* noted that it did not address the Federal Circuit's reversal of the District Court's equitable estoppel holding. *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954, 960 (2017). That it did not reverse *Aukerman* on the issue of equitable estoppel tells us nothing when it expressly declined to consider the issue.

2

valid, but in the name of inventors other than Fein. Through 102(f) by contrast, Ferring defends itself in a patent infringement suit by asking the Court to deem the patents invalid, no matter who the inventor.

The Court has already noted that the different legal effects of each provision necessarily changes the equitable estoppel determination and counsels against applying collateral estoppel. These differing legal effects were the basis for the Court's determination that applying equitable estoppel in one instance – to deny Ferring's quest to be substituted as the inventor and owner of the patent – is a different matter than using equitable estoppel by way of collateral estoppel to invalidate the patent. Regardless of whether the analyses underlying sections 256 and 102(f) are the same, the equities associated with each are materially different. And, of course, "Collateral estoppel is confined … to 'situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding ….'" *Neaderland v. Comm'r*, 424 F.2d 639, 642 (2d Cir. 1970).

The motion is simply a request that the Court reconsider its analysis and reach a different result.  (*See* Dkt. No. 677 *passim*.)  That is not a proper motion for reconsideration; it is therefore denied.

It is so ordered. The Clerk of the Court is directed to remove the motion at Dkt. No. 676 from the Court's list of pending motions.

Dated: May 13, 2020

_____
Chief Judge

BY ECF TO ALL PARTIES

3