UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-----------------------------------------------------------x

FERRING B.V., FERRING
INTERNATIONAL CENTER S.A., and
FERRING PHARMACEUTICALS INC.,

        Plaintiffs and
        Counter-Defendants,

-against-                                        No. 17 Civ. 9922 (CM)(SA)

SERENITY PHARMACEUTICALS, LLC,
REPRISE BIOPHARMACEUTICS, LLC,

        Defendants and
        Counterclaimants.

-----------------------------------------------------------x

## TRIAL PROCEDURES

McMahon, C.J.:

    I thank counsel for taking the time to go over your proposed remote-access platforms with James Griffenkrantz, the court's audio-visual specialist, as well as for educating me.

    As a result of your conversations, his recommendation, and one other consideration, I have made two decisions that could not be made during last week's conference call.

    First, the trial will be "all remote," at least in the sense that all the witnesses will testify remotely.

    Second, the provider will be TrialGraphix, using the product TRIALanywhere.

    The decision to go "all remote" became a no-brainer when I reviewed our draft protocols for Phase II Re-entry with the court's senior staff. Under the protocols we are adopting, individuals who have traveled abroad in the preceding two weeks will not be permitted to enter the courthouse. We have five or six witnesses – about half of our witnesses, and all but one non-expert – who would be traveling in from Europe. Putting to one side the issue of whether they could get into the United States at all – which just introduces additional uncertainty in a situation where no more is needed – they would have to arrive in New York by June 22 so they could quarantine for two weeks before we would allow them into the courthouse. At some point, this just gets silly. Given all the constraints we face, the witnesses should testify from where they reside. I will have read their directs and the expert reports. I can watch their crosses. Every

witness for both sides gets the same benefit and suffers from the same perceived handicaps. It is the fairest way to proceed.

Whether counsel would prefer to cross examine remotely or from the courtroom is up to you, but you need to work it out, because I will not have just one side's lawyers in the courtroom. I am convinced that it can be done safely from the courtroom, and there are certainly good reasons to want you in the courtroom with me (it is a huge courtroom, you know how easy it will be to keep socially distanced). But if counsel from Texas have a problem living out of a suitcase in Manhattan for two weeks (and this could take seven or eight trial days, because I am convinced the remote trial will run longer), then everyone should just be remote. If we have a glitch that costs us a few hours, or a day, it is more easily dealt with if we are all working remotely.

If it were safe, I might consider having lead trial counsel come to court after I have heard all the witnesses, so we can have a real bench trial closing argument, with a lot of give and take, lawyers answering my questions as well as making their points. I would not expect – indeed, I would strongly discourage – bringing a lot of people to court for closing argument.

After speaking with you and with both vendors, Mr. Griffenkrantz recommends that we use TrialGraphix, and I will adopt his recommendation. While both vendors offer an excellent product, the court has a modicum of experience with this vendor. Mr. Griffenkrantz strongly prefers its normal model of in-court tech support (as, I confess, do I, Luddite that I am). Although TrialGraphix has indicated that it would adapt its product to use one of the platforms supported by the court (Skype for Business, for example), I would actually prefer to use the platform on which the product was created – which I understand is a secure version of Zoom – provided I can be given a computer on which I can watch the testimony that will have no connection to the court's secure intranet. I understand that TrialGraphix will provide me with a laptop for this purpose; I can then use my own court-issued laptop to take notes (which I will most certainly need to do), knowing that they will automatically be stored on the court's secure system.

The various protocols that Ms. Bourke described in her letter of May 19, 2020 – including especially the shipping of sealed binders to witnesses – strike me as eminently sensible. I will be working off a hard copy set of exhibits, because I like to take notes on exhibits as we use them. Whether an attorney is present with witnesses during their testimony is entirely up to you; I rather expect that one will be present, which would make it even easier to deal with exhibits, since the sealed binders could be provided to counsel, who, as officers of the court, could be counted on not to break the seals or show the documents to their clients prematurely.

Making these decisions now means that we should be in a position to proceed without difficulty by July 6. TrialGraphix will arrange for the installation of equipment with Mr. Griffenkrantz and with each side individually.

Please let me know what else I can help you with prior to trial. Meanwhile, I have a lot of reading to do.

Dated: May 27, 2020

_____
Chief Judge

BY ECF TO ALL COUNSEL