

Paul J. Skiermont
214.978.6604
pskiermont@skiermontderby.com

1601 Elm Street
Suite 4400
Dallas, Texas 75201
T: + 214.978.6600
F + 214.978.6601

skiermontderby.com

July 13, 2020

**VIA ECF**

Hon. Colleen McMahon, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Ferring B.V., et al v. Serenity Pharm., LLC et al.*, C.A. 17-9922-CM-SDA

Dear Chief Judge McMahon,

We write in response to the Court's request during trial for the parties to provide additional information regarding the status of the proceeding in the Hague involving EP1689419 ("EP 419")—the European counterpart of the patents-in-suit.

EP 419 is not yet granted. After the European Patent Office ("EPO") issued a communication in February 2011 confirming that it intended to grant the patent, Ferring started proceedings claiming inventorship in and ownership of EP 419. The EPO halted the prosecution of EP 419, and under the EPO's rules, EP 419 will not proceed to grant as long as such entitlement proceedings are kept pending before a national court. (Exhibit A, Decl. of Bas Berghuis van Woortman, ¶ 2.)

Specifically, Ferring brought several claims against Counterclaimants before the District Court of the Hague, including, *inter alia*:
> *Primarily:* (a) declare in law that <u>Norgaard is the inventor</u> of the subject of EP 419 and related applications; (b) declare in law that <u>Dr. Fein is not the inventor</u> of the subject of EP 419 and related applications;
> *in the alternative*: to declare in law that <u>Norgaard and Senderovitz are co-inventors</u> of the subject of EP 419 and related applications;
> *in the second and final alternative*: declare in law that <u>Norgaard is the co-inventor</u> of the subject of EP 419 and related applications, or <u>at least that Norgaard and Senderovitz are co-inventors</u> thereof.

(Exhibit 1 to Berghuis Decl., Translation of the Hague decision, ¶ 4.1 (emphasis added).)



On March 12, 2014, a panel of three judges in the District Court of the Hague dismissed all of Ferring's claims. Specifically, the District Court of the Hague upheld the inventorship of Dr. Fein and found that Dr. Norgaard and/or Dr. Senderovitz could not be deemed as the inventors of EP 419 and related applications. (Ex. A, ¶ 3; Ex. 1 to Berghuis Decl. ¶¶ 6.11-6.33.) In rejecting Ferring's arguments that Norgaard alone or Norgaard and Senderovitz together were the actual inventors or the claimed subject matter, the Hague court considered multiple rounds of submissions and evidence from Ferring—including some of the same evidence at issue here. (Ex. 1 to Berghuis Decl., ¶¶ 3.16-3.21; 4.3; 6.11-6.33.)

Ferring appealed the decision and after a hearing on September 13, 2018, a decision from the Hague Court of Appeal was expected on October 29, 2019. (Ex. A, ¶ 4.) However, before any decision was rendered, Ferring requested that the case be reopened, and submitted extensive alleged evidence to the Hague Court of Appeal regarding U.S. proceedings, regardless of its relevance to the subject matter of EP 419. (Ex. A, ¶ 5.)

On July 1, 2020, a hearing was held before the Hague Court of Appeal to address certain evidence submitted by Ferring related to the U.S. proceeding before Judge Castel concerning patents and subject matter unrelated to EP 419. (Ex. A, ¶ 6.)

Last week, Ferring's counsel Ms. Bourke represented to the Court, that "[t]he appellate court in the Netherlands has already taken into consideration the findings of Judge Castel and the evidence presented in that trial, and at the hearing on July 1st, they indicated an interest in taking into account the evidence presented in this trial and Judge McMahon's decision." (July 9, 2020, Trial Tr. 516:12-16.) Those representations are inaccurate. (Ex. A, ¶¶ 8-12.)

Contrary to Ms. Bourke's representations regarding Judge Castel's findings, the Hague Court of Appeal has not yet decided what affect, if any, Ferring's submissions from the trial before Judge Castel will have on the EP 419 proceeding. Indeed, the July 1 hearing before the Hague Court of Appeal addressed whether that court will even find Ferring's new submissions from the trial before Judge Castel to be relevant for the EP 419 proceedings. (Ex. A, ¶ 9.) The sole reason for the Hague Court of Appeal's consideration of Judge Castel's decision was because Ferring unilaterally submitted it to the Hague Court. And, the Hague Court has not yet determined the relevance of Judge Castel's decision to the decision regarding EP 419—which is unrelated to the Ferring patents before Judge Castel. (Ex. A, ¶ 12.)

Further, contrary to the representations of Ferring's counsel, the Hague Court of Appeal has not provided any indication that it was interested in the current trial or this Court's forthcoming decision—it has not asked the parties to submit any evidence related to this proceeding, nor has it inquired into the expected timing of this Court's decision. Instead, the Hague Court of Appeal apprised the parties to expect its decision on October 20, 2020. (Ex. A, ¶ 10.)

Notably, the Hague Court of Appeal is a highly specialized patent court—the only court in the Netherlands that addresses patent cases in appeal—and it is responsible for all patent cases in the Netherlands. The Hague Court was also the first jurisdiction in which Ferring challenged Dr.



July 13, 2020
Page 3

Fein's inventorship, and therefore in terms of Private International Law it is the 'court first seized.' (Ex. A, ¶ 11.) Ferring commenced its inventorship challenge to EP 419 in 2011, before any of the proceedings began in the U.S., including the 2012 case resolved by Judge Castel, as well as the current case. The Hague Court of Appeal did not make any reference to taking into consideration the decision that will issue from the current trial. Instead, the July 1 hearing concerned what relevance, if any, the proceeding before Judge Castel has on the EP 419 proceeding. There was no suggestion at the July 1 hearing that the Hague Court of Appeal is interested in the current trial. (Ex. A, ¶ 11.)

      We remain available should the Court require additional information.

Regards,

s/ Paul J. Skiermont

Paul J. Skiermont